■ In the Matter of REAL HOLDING CORP. et al., Respondents, v ALAN LEHIGH et al., Appellants. [756 NYS2d 893] —In a proceed-

ing pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Wappinger, dated June 19, 2001, which, after a hearing, determined that it lacked jurisdiction to issue variances with respect to special use permit criteria, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered February 6, 2002, which granted the petition, annulled the determination dated June 19, 2001, and remitted the matter to the Zoning Board of Appeals of the Town of Wappinger for further proceedings.

Ordered that the judgment is affirmed, with costs.

Contrary to the contention of the Zoning Board of Appeals of the Town of Wappinger, Town Law § 274-b does not preclude the granting of a special use permit by a Town Board after a variance has been obtained for specific special use permit criteria from a Zoning Board of Appeals. Indeed, Town Law § 274-b (3) expressly provides for the issuance of a special use permit in conjunction with an area variance (*see Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon,* 250 AD2d 690 [1998]; *Matter of Dennis v Zoning Bd. of Appeals of Vil. of Briarcliff Manor,* 167 Misc 2d 555 [1995]; *see also* Village Law § 7-725-b [3]).

The appellants' remaining contentions are without merit. Ritter, J.P., S. Miller, H. Miller and Cozier, JJ., concur.