■ In the Matter of JOSEPH TUPPER, as President and on Behalf of Syracuse Property Owners Association, et al.,

Respondents, v City of Syracuse et al., Appellants. [850 NYS2d 304]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered July 19, 2006 in a proceeding pursuant to CPLR article 78. The judgment granted the amended petition and annulled City of Syracuse General Ordinance Nos. 46 and 49 of 2005.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the CPLR article 78 proceeding is converted to a declaratory judgment action and judgment is granted in favor of respondents as follows: "It is ADJUDGED AND DECLARED that City of Syracuse General Ordinance Nos. 46 and 49 of 2005 are valid."

Memorandum: Respondents appeal from a judgment granting the amended petition seeking to annul City of Syracuse General Ordinance Nos. 46 and 49 of 2005 on the ground that respondents failed to perform the review required pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8) prior to enacting the ordinances. We note at the outset that, inasmuch as "the proper procedural vehicle for challenging a legislative act is a declaratory judgment action" (*Wright v County of Cattaraugus*, 41 AD3d 1303, 1304 [2007]), we convert the CPLR article 78 proceeding to a declaratory judgment action and consider the merits of the appeal (*see* CPLR 103 [c]; *Matter of Valley Realty Dev. Co. v Town of Tully*, 187 AD2d 963 [1992], *lv denied* 81 NY2d 880 [1993]).

With respect to the merits of the appeal, it is well established that "[s]trict compliance with SEQRA guarantees that environmental concerns are confronted and resolved prior to agency action" (*Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 350 [2003]). Here, however, respondents' actions do not affect the environment within the meaning of SEQRA (*see* ECL 8-0103 [5], [6]), because the enactment of the ordinances does not impact the physical environment, nor does it affect the population patterns or existing community character (*cf. Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 366 [1986]). We therefore grant judgment in favor

of respondents accordingly. General Ordinance No. 46 requires that nonresident owners of one- and two-family houses in special neighborhood districts, including the area surrounding Syracuse University where petitioners are nonresident homeowners, obtain a certificate of sufficiency prior to January 1, 2008 and prior to a sale of the residence. The certificate of sufficiency certifies that an inspection of the residence was made and that the residence was found to be in compliance with, inter alia, the Fire Code of the State of New York and the Property Conservation Code of the City of Syracuse. Respondents enacted that ordinance to "ensure that all premises . . . are maintained and used in accordance with law, do not have a serious negative impact upon surrounding residential premises and do not endanger the health, safety or welfare of persons in the City of Syracuse." General Ordinance No. 49 defines a "nuisance party" and, inter alia, imposes penalties for persons who "sponsor, conduct, host, invite or permit a Nuisance Party." Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.