In the Matter of G&C TRANSPORTATION, INC., et al., Appellants, v JEAN-ANN McGRANE et al., Respondents. [898 NYS2d 623]—

In a hybrid proceeding, in effect, pursuant to CPLR article 78 to review a determination of the City Council of the City of Newburgh dated February 25, 2008, adopting City of Newburgh Ordinance No. 3-2008, which amended chapter 272 of City of Newburgh Code of Ordinances, and action, inter alia, in effect, for a judgment declaring that chapter 272 of City of Newburgh Code of Ordinances is invalid on the ground that it is unconstitutional, the petitioners/plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated January 5, 2009, as, sua sponte, directed the dismissal of the fourth, fifth, sixth, eighth, ninth, tenth, eighteenth, nineteenth, twentieth, twenty-third, and thirtieth causes of action, and (2) so much of a judgment of the same court entered April 20, 2009, as, upon the order, is in favor of the respondents/defendants and against them dismissing those causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the fourth, fifth, sixth, eighth, ninth, tenth,

eighteenth, nineteenth, twentieth, twenty-third, and thirtieth causes of action are reinstated, the matter is remitted to the Supreme Court, Orange County, for further proceedings on those causes of action, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the petitioners/plaintiffs.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from the portion of the order appealed from, as it did not decide a motion made on notice, and leave to appeal has not been granted (*see* CPLR 5701 [a]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On February 25, 2008, the City Council of the City of Newburgh adopted City of Newburgh Local Law No. 3-2008 (hereinafter the Ordinance). The Ordinance amended, in its entirety, chapter 272 of the City of Newburgh Code of Ordinances (hereinafter chapter 272), which sets forth a scheme for municipal regulation of taxicab services.

The petitioners/plaintiffs (hereinafter the appellants), which are providers of taxicab services in the City, commenced this hybrid proceeding and action challenging the validity of chapter 272, as amended. Pursuant to CPLR article 78, the appellants sought review of the procedures followed in the adoption of the Ordinance (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]). In addition, the appellants challenged the "substance," "wisdom and merit" and "constitutionality" of chapter 272, as amended, and, thus, sought a judgment declaring that chapter 272, as amended, is invalid (*Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal*, 66 AD3d 678, 681 [2009]; *see P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d 61, 64 [2006]).

On October 24, 2008, the parties appeared before the Supreme Court for a conference, although a transcript of the conference does not appear in the record. Approximately 10 weeks later, the Supreme Court issued an order, inter alia, sua sponte, dismissing the declaratory judgment causes of action. In support of its determination, the Supreme Court determined that chapter 272, as amended, and its enforcement against the appellants, "did not violate" any of the appellants' "[c]onstitutional right[s]." The Supreme Court also determined that chapter 272, as amended, was "a reasonable exercise of . . . legislative authority." On appeal, the appellants take issue with

the dismissal of certain of the declaratory judgment causes of action.

The record contains no indication that the Supreme Court gave notice to the parties that it was contemplating the summary dismissal of the declaratory judgment causes of action at issue. Furthermore, the respondents/defendants made no application for that relief. Under these circumstances, the Supreme Court erred in directing the dismissal of those causes of action (*see During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]). Finally, the state of the record is such that "meaningful appellate review of the propriety of the court's determination on the merits" has been "render[ed]. . . impossible" (*Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345, 346 [1993]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.