■ In the Matter of 24 FRANKLIN AVENUE R.E. CORP. et al., Respondents, v THOMAS HEASHIP et al., Respondents/Defendants, and STEPHEN MALTITANO et al., Appellants. [901 NYS2d 863]—In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the issuance certain building permits and action for a judgment declaring that Local Law No. 4 (2007) of the Town/Village of Harrison, enacted by the Board of Trustees of the Town/Village of Harrison on September 20, 2007, is invalid, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered September 16, 2008, as, in effect, declared that Local Law No. 4 (2007) of the Town/Village of Harrison is invalid on the grounds that it constitutes impermissible spot zoning and was not adopted in accordance with the relevant comprehensive plan.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

As the appellants correctly contend, under the circumstances presented here, the Supreme Court erred in its use of a summary procedure in awarding judgment on the causes of action which sought a judgment declaring that a zoning ordinance enacted as Local Law No. 4 (2007) of Town/Village of Harrison (hereinafter LL No. 4) is invalid. In a hybrid CPLR article 78 proceeding and declaratory judgment action, separate procedural rules apply to each respective part of the proceeding and action (*see Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal*, 66 AD3d 678, 681 [2009]; *Matter of Cornerstone Realty Group, LLC v County of Greene*, 28 AD3d 1033, 1035 [2006]; *see also Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 5 [1976]; *Matter of Tupper v City of Syracuse*, 46 AD3d 1343, 1344 [2007]; *Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498 [2000]). Under the circumstances of this case, the causes of action seeking a judgment declaring that LL No. 4 is invalid are properly deemed causes of action for a declaratory judgment, rather than for relief pursuant to CPLR article 78 (*see* CPLR 3001; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Matter of Save the Pine Bush v City of*

*Albany*, 70 NY2d 193, 202-203 [1987]; *see also* CPLR 103 [c]). Consequently, the Supreme Court erred in issuing a judgment declaring that LL No. 4 is invalid by using a summary procedure that pertains only to CPLR article 78 proceedings (CPLR 7804). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on the causes of action for a declaratory judgment, in which those causes of action shall be treated as if they had been asserted in a plenary action (*see generally* CPLR 103 [c]; *see also Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d at 5; *Matter of Tupper v City of Syracuse*, 46 AD3d at 1344). Dillon, J.P., Balkin, Belen and Lott, JJ., concur.