In the Matter of ANDREW ROSENBERG et al., Appellants, v NEW YORK STATE OFFICE OF PARKS, RECREATION, AND HISTORIC PRESERVATION et al., Respondents. [943 NYS2d 123]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Office of Parks, Recreation, and Historic Preservation, which denied the petitioners/plaintiffs' request for rights of access over a bridle path in order to access Beech Hill Road from the southern section of the subject property, and action, among other things, for a judgment declaring that the New York State Office of Parks, Recreation, and Historic Preservation had no ownership interests in the bridle path, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Hubert, J.), entered February 25, 2011, which, in effect, dismissed the petition/complaint.

Ordered that the judgment is modified, on the law, by delet-

ing the provisions thereof, in effect, dismissing the causes of action to recover damages and for a declaratory judgment; as so modified, the judgment is affirmed, without costs or disbursements, the causes of action to recover damages and for a declaratory judgment are reinstated and severed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on those causes of action.

The appellants' property in Pleasantville, Westchester County, was described in a deed conveying the property to them as consisting of two "tracts," referred to as "Tract I" and "Tract II." The appellants' single-family dwelling was located on "Tract II," which had direct access to a public road. The appellants had a horse barn on "Tract I," which, if considered as a discrete parcel, had been landlocked since the New York State Department of Transportation (hereinafter the DOT) acquired a portion of "Tract I" to create Route 117. The appellants applied to the DOT for permission to construct a driveway from "Tract I" across DOT Parcel 54, which the DOT owned in fee, to gain direct access to the same public road that was directly accessible from "Tract II." The plans submitted by the appellants to the DOT called for relocation of part of an equestrian trail that provided safe access for equestrians to the trail system of the Rockefeller State Park Preserve, as well as the construction of part of the proposed driveway over a section of the trail. The DOT directed the appellants to seek permission from the New York State Office of Parks, Recreation, and Historic Preservation (hereinafter the agency) to cross and relocate part of the equestrian trail. The agency denied the appellants' request.

The applicable standard of review pursuant to CPLR 7803 (3) is "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*see Matter of Holcomb v Williams*, 72 AD3d 687, 688 [2010]). Here, the Supreme Court properly concluded that the agency's determination was not illegal, arbitrary and capricious, or an abuse of discretion. The project for which the appellants sought approval would have necessitated the partial relocation of an equestrian trail that provides access to the trail system of the Rockefeller State Park Preserve, and would have caused safety concerns for users of the equestrian trail. Accordingly, the Supreme Court properly denied those branches of the petition/complaint which were pursuant to CPLR article 78, inter alia, to annul the agency's determination, and properly, in effect, dismissed those causes of action which sought relief pursuant to CPLR article 78.

Nonetheless, in the absence of a dispositive motion addressed

to the causes of action which sought to recover damages and declaratory relief, the Supreme Court improperly, in effect, dismissed those causes action. In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment (*see Matter of 24 Franklin Ave. R.E. Corp. v Heaship*, 74 AD3d 980, 980 [2010]). Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action (*see Matter of G&C Transp., Inc. v McGrane*, 72 AD3d 819 [2010]; *During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]). Since no party made such a motion here, the Supreme Court should not have summarily disposed of the causes of action which sought to recover damages and declaratory relief, and the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on those causes of action. We express no opinion as to the merits of those causes of action. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.