In a hybrid proceeding pursuant to CELR article 78, inter alia, to review a determination of the Town Board of the Town/ Village of Harrison dated January 20, 2011, which, after a public hearing, confirmed a stop work order issued in connection *919 with excavation and regrading on the petitioner/plaintiff s property, and action for a judgment declaring that the petitioner/ plaintiff has a vested right to continue its quarry operation as a nonconforming use and that the excavation and regrading permit requirements of chapter 133 of the Code of the Town/ Village of Harrison are unconstitutional as applied to certain property owned by the petitioner/plaintiff, the petitioner/ plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), entered September 8, 2011, which, in effect, dismissed the proceeding/action.
Ordered that the judgment is modified, on the law, by deleting the provisions thereof, in effect, dismissing the causes of action for a declaratory judgment; as so modified, the judgment is affirmed, without costs or disbursements, the causes of action for a declaratory judgment are reinstated and severed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on those causes of action.
The petitioner/plaintiff, Lake Street Granite Quarry, Inc. (hereinafter Lake Street), is the owner of real property located in the Town/Village of Harrison (hereinafter the Town), and that property allegedly has been used as a quarry since 1922. On October 13, 2009, the Town Building Inspector issued a stop work order because excavation and regrading was taking place on the subject property without a permit. Lake Street filed an appeal from the stop work order with the Town Board, and the Town Board, after conducting a public hearing, confirmed the stop work order.
As mandated by the Town Code, an appeal from the stop work order was properly made to the Town Board (see Town/Village of Harrison Code § 133-19 [C] [2]), and in deciding to confirm the order, the Board was acting in its plenary administrative capacity (see Bailey v Smith, 75 AD2d 573 [1980]). Under these circumstances, the applicable standard of review pursuant to CPLR 7803 (3) is whether a determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see Matter of Baker v Village of Elmsford, 70 AD3d 181, 187 [2009]; Matter of Moy v Board of Town Trustees of Town of Southold, 61 AD3d 763 [2009]; Matter of Zupa v Board of Trustees of Town of Southold, 54 AD3d 957 [2008]; Matter of Halperin v City of New Rochelle, 24 AD3d 768 [2005]). The Supreme Court properly concluded that the Town Board’s determination was not illegal, affected by an error of law, arbitrary and capricious, or an abuse of discretion. Lake Street did not challenge the Building Inspector’s determination that excavation and regrading were *920 occurring on the subject property at the time the stop work order was issued, and it did not demonstrate that the excavation and regrading permit requirements of chapter 133 of the Code of the Town/Village of Harrison should not be applied to it or the prohibited work being performed on the property. Accordingly, the Supreme Court properly denied those branches of the petition/complaint which were pursuant to CPLR article 78, inter alia, to annul the Town Board’s determination, and properly, in effect, dismissed those causes of action which sought relief pursuant to CPLR article 78.
Nonetheless, in the absence of a dispositive motion addressed to the causes of action which sought declaratory relief, the Supreme Court improperly, in effect, dismissed those causes of action (see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1007-1008 [2012]). In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek declaratory relief, on the other hand (see id. at 1008). “The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment” (id.; see Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 980 [2010]). “Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action” (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; see Matter of G&C Transp., Inc. v McGrane, 72 AD3d 819 [2010]; During v City of New Rochelle, N.Y., 55 AD3d 533, 534 [2008]). Here, since no party made such a motion, the Supreme Court should not have summarily disposed of the causes of action which sought declaratory relief, and the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on those causes of action. We express no opinion as to the merits of those causes of action.
Lake Street’s remaining contentions are without merit. Dillon, J.R, Chambers, Austin and Roman, JJ., concur.