■ In the Matter of Long Island Pine Barrens Society, Inc., et al., Appellants, v Central Pine Barrens Joint Planning & Policy Commission et al., Respondents. [31 NYS3d 104]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Central Pine Barrens Joint Planning and Policy Commission dated October 17, 2012, which, after a hearing, granted the application of Westhampton Property Associates, Inc., for an extraordinary hardship waiver pursuant to ECL 57-0121 (10) and 57-0123 (3) (a), the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), dated February 27, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The respondent Westhampton Property Associates, Inc. (hereinafter Westhampton) owns and operates a sand and gravel mine partially located within the "core preservation area" of the Long Island Central Pine Barrens and also within the Town of Southampton. In November 2011, Westhampton applied to the Central Pine Barrens Joint Planning and Policy Commission (hereinafter the Commission) for an extraordinary hardship waiver pursuant to ECL 57-0121 (10) and 57-0123 (3) (a) to permit it to vertically expand the mine depth from 44 feet above sea level to 26 feet above sea level. In a determination dated October 17, 2012, following public hearings, the Commission granted Westhampton the extraordinary hardship waiver.

The Long Island Pine Barrens Society, Inc. (hereinafter the Society), Richard Amper, in his capacity as the Society's Executive Director and in his individual capacity, and Robert McGrath and Thomas Casey, as members of the Board of Directors and in their individual capacities (hereinafter collectively the petitioners), commenced this proceeding pursuant to CPLR article 78 to review the Commission's determination.

The Supreme Court denied the petition on the ground that the petitioners lacked standing to maintain the proceeding. The Supreme Court further held, in the alternative, that the challenged determination was not arbitrary, capricious, or an abuse of discretion.

The Supreme Court erred in holding that the petitioners lacked standing to challenge the subject determination. An association or organization has standing when "one or more of its members would have standing to sue," "the interests it asserts are germane to its purposes," and "neither the asserted claim nor the appropriate relief requires the participation of the individual members" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d 853, 856 [2014]). Here, the petitioners established that Amper, in both his individual and professional capacities, uses and enjoys the Pine Barrens to a greater degree than most other members of the public. Further, the petitioners established that the threatened injury to Amper caused by development within the core preservation area of the Central Pine Barrens falls within the zone of interests sought to be protected by the Long Island Pine Barrens Protection Act of 1993 (L 1993, ch 262 [hereinafter the Act]) (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 773). Thus, Amper has standing to sue individually, and his standing satisfied the first prong of the test for the Society's organizational standing. The Society meets the second and third prongs of the organizational standing test, namely, that its interests in the instant proceeding are germane to its purposes, and that neither the asserted claim nor the appropriate relief requires the participation of the individual members (*see id.* at 775). Therefore, the Society also has standing to challenge the Commission's determination (*see id.* at 775; *Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d at 856).

Nevertheless, the Supreme Court properly denied the petition on the merits. The record demonstrates that Westhampton's proposed expansion, located in the "core preservation area," required an extraordinary hardship waiver (*see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d at 857; Central Pine Barrens Comprehensive Land Use Plan [hereinafter the Comprehensive Plan] § 5.2). Pursuant to ECL 57-0123 (3) (a), the Commission may "waive strict compliance with [the Comprehensive Plan] or with any element or standard contained therein, for an application for development of any person, upon finding that such waiver is necessary to alleviate hardship for proposed development in the core preservation area according to the conditions and finding of extraordinary hardship or compelling public need pursuant to [ECL 57-0121 (10)]" and where the "application is consistent with the

purposes and provisions of this article and would not result in substantial impairment of the resources of the Central Pine Barrens area." An application for a waiver on the ground of extraordinary hardship may be approved only if the application satisfies the requirements of ECL 57-0121 (10) (a) and (c) (*see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d at 857). Furthermore, ECL 57-0121 (10) (a) (iii) required Westhampton to establish that the asserted hardship results from "unique circumstances peculiar to the subject property which . . . [a]re not the result of any action or inaction by the applicant or the owner or his or her predecessors in title including any transfer of contiguous lands which were in common ownership on or after June 1, 1993."

Here, the Commission's determinations that Westhampton established that any hardship was not self-created (*see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn.*, 113 AD3d at 858) and that Westhampton had no other beneficial use of the property absent the hardship waiver are not arbitrary and capricious. The record further supports the Commission's determination that the subject property, used as a mine since 1981, would be subject to various zoning restrictions if the property were used as anything else other than as a mine. Consequently, the hardship waiver was not legally prohibited by ECL 57-0121 (10) (a) (iii), and the Commission's determination to grant the extraordinary hardship waiver was not affected by an error of law or arbitrary and capricious (*see* CPLR 7803 [3]).

Accordingly, the Supreme Court correctly denied the petition and dismissed the proceeding. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.