■ In the Matter of EAST WEST BANK, Appellant, v L & L ASSOCIATES HOLDING CORP. et al., Respondents. [43 NYS3d 369]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Treasurer dated August 19, 2013, approving the issuance of a tax deed, and action, inter alia, for a judgment declaring that the tax deed was invalid due to unjust enrichment, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated September 23, 2014, which denied the petition, dismissed the proceeding and, in effect, summarily dismissed the cause of action for a declaratory judgment.

Ordered that the judgment is reversed, on the law, with costs, the petition and cause of action for a declaratory judgment are reinstated, the branch of the petition which is asserted against L & L Associates Holding Corp. is converted into an action pursuant to RPAPL article 15 to determine adverse claims to real property, the branch of the petition which is asserted against Nassau County and the Nassau County Treasurer is converted into an action for a declaratory judgment, with the petition deemed a complaint, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The petitioner/plaintiff in this action, East West Bank (hereinafter East West), was the mortgagee of commercial property located in Roslyn Heights, in Nassau County. The property was owned by Roslyn Jane Holdings, LLC (hereinafter Roslyn Jane), the appellant in a companion case (see Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041 [2016] [decided herewith]). The original mortgagee, United Commercial Bank (hereinafter UCB), which provided the underlying loan to Roslyn Jane, was closed by the California Department of Financial Institutions in November of 2009, and the

Federal Deposit Insurance Corporation (hereinafter the FDIC) was appointed as UCB's receiver. In that capacity, also in November of 2009, the FDIC entered into a purchase and assumption agreement (hereinafter PA Agreement) with East West, pursuant to which East West acquired the underlying loan, and received from the FDIC the note, mortgage, and all other documents related to the loan. Pursuant to the PA Agreement, the FDIC executed and delivered to East West a written assignment of the note and mortgage dated April 25, 2014, which was recorded on June 2, 2014.

In February of 2011, L & L Associates Holding Corp. (hereinafter L&L) purchased a tax lien referable to the property at a public auction held by the Nassau County Treasurer as a result of Roslyn Jane's failure to pay taxes. The record indicates that notices of the tax lien sale dated October 20, 2010 and January 19, 2011 were sent to Roslyn Jane "or current owner," at 71 Jane Street, Roslyn Heights, NY 11577. There is no evidence that such a notice was ever sent to the mortgagee of record, which, at the time, was still listed as UCB.

In January of 2013, L & L served notices to redeem on Roslyn Jane, at the same address as above, as well as on UCB, at 27 East Broadway, New York, NY 10002. The notices were sent to each address by certified mail with return receipt and regular first class mail. Although UCB was no longer in existence and its office at 27 East Broadway had long since closed, the return receipt card for the UCB certified mailing was returned with an illegible signature, but without any printed name. The Roslyn Jane certified mailing was returned with the notation "RETURN TO SENDER / UNCLAIMED / UNABLE TO FORWARD." Neither of the notices sent by regular mail was returned.

Thereafter, upon application by L & L, accompanied by an affidavit stating that the notices to redeem had been provided as required by section 5-51.0 of the Nassau County Administrative Code (hereinafter NCAC), the Nassau County Treasurer issued the subject tax deed conveying the property to L & L.

In the petition, East West alleged, inter alia, that Nassau County failed to comply with the provisions of NCAC § 5-37.0 (a) by omitting to send a notice of tax lien sale to UCB. That allegation was based on the results of a Freedom of Information Law request submitted to Nassau County by East West's attorneys on May 12, 2014, which showed that notices of the tax lien sale were sent only to Roslyn Jane. In its answer, Nassau County denied that allegation of the petition and asserted,

without any supporting documentation, that "all required notices of the tax lien sale were sent to all parties entitled to receive notice as set forth on the records of Nassau County." In its answer, L & L denied knowledge of what Nassau County did in connection with the tax lien sale. In an affirmation, L & L argued that NCAC § 5-37.0 (a) did not require written notice of the tax lien sale to be sent to any mortgagee of record unless such mortgagee's name appeared on Nassau County's tax assessment role. The Supreme Court did not address this issue in the judgment appealed from.

At minimum, the issue of the adequacy of the notices of tax lien sale sent by Nassau County, as framed by the parties themselves, raises an important question as to whether the failure to notify UCB of the impending tax lien sale (whether as a result of error, as East West claims, or because NCAC § 5-37.0 [a] required no such notification, as L & L contends), violated minimum due process requirements with respect to the legally protected property interests of a mortgagee (*see Mennonite Bd. of Missions v Adams*, 462 US 791, 798 [1983]; *Kennedy v Mossafa*, 100 NY2d 1, 9 [2003]; *Matter of McCann v Scaduto*, 71 NY2d 164 [1987]).

We also agree with East West's contention that additional discovery is needed with respect to L & L's compliance with due process requirements regarding the notice to redeem sent to UCB. Indeed, under the unusual circumstances of this case, including the fact that UCB was closed by California banking authorities in November of 2009—more than three years before the notice to redeem was sent out—the constitutional adequacy of the notice to redeem sent to UCB, including the factual issue of whether L & L had knowledge of UCB's closure at the time the notice was sent, should not be determined without the benefit of a full evidentiary record (*see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, Foothill*, 41 AD3d 771, 774 [2007]; *cf. Orra Realty Corp. v Gillen*, 46 AD3d 649, 651 [2007]).

Accordingly, the Supreme Court's denial of the petition was error. In addition to reinstating the petition, and in order to allow for the development of a proper record, we find it appropriate in this case to convert the branch of the petition which is asserted against L & L into an action to determine adverse claims to real property, and to convert the branch of the petition which is asserted against Nassau County and the Nassau County Treasurer into an action for a declaratory judgment, with the petition deemed a complaint (*see Matter of T.E.A. Mar. Automotive Corp. v Scaduto*, 181 AD2d 776 [1992]).

Moreover, we agree with East West that the Supreme Court

erred by, in effect, summarily dismissing the cause of action seeking a declaratory judgment pursuant to CPLR 3001. "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (*Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.*, 94 AD3d 1006, 1008 [2012]; *see Matter of Greenberg v Assessor of Town of Scarsdale*, 121 AD3d 986, 989 [2014]; *Matter of 24 Franklin Ave. R.E. Corp. v Heaship*, 74 AD3d 980, 981 [2010]). "Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (*Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv.*, 94 AD3d at 1008; *see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison*, 106 AD3d 918, 920 [2013]; *Matter of G&C Transp., Inc. v McGrane*, 72 AD3d 819, 821 [2010]; *During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]). Here, since no party made such a motion, the Supreme Court should not have summarily disposed of the cause of action that sought declaratory relief, and the matter must be remitted to the Supreme Court, Nassau County, for further proceedings on that cause of action (*see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison*, 106 AD3d at 920; *Matter of G&C Transp., Inc.*, 72 AD3d at 821; *During v City of New Rochelle, N.Y.*, 55 AD3d at 534). We express no opinion as to the merits of that cause of action. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.