Matter of Armand Gustave, LLC v Pavacic (2019 NY Slip Op 05125)





Matter of Armand Gustave, LLC v Pavacic


2019 NY Slip Op 05125


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-13053
 (Index No. 6671/16)

[*1]In the Matter of Armand Gustave, LLC, etc., appellant, 
v
John Pavacic, et al., respondents.


William D. Wexler, North Babylon, NY, for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu, Ester Murdukhayeva, and Josh Parker of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Central Pine Barrens Joint Planning & Policy Commission dated June 15, 2016, denying the petitioner's application for an extraordinary hardship waiver, and action for a declaratory judgment and related relief, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 7, 2016. The judgment denied the petition/complaint and, in effect, dismissed the proceeding/action.
ORDERED that the judgment is modified, on the law, by deleting the provision therefor, in effect, dismissing the causes of action for a declaratory judgment and related relief; as so modified, the judgment is affirmed, without costs or disbursements, the causes of action for a declaratory judgment and related relief are reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for severance of those causes of action and further proceedings on those causes of action.
In May 2014, the petitioner, Armand Gustave, LLC, paid $12,000 to acquire a 6,000 square foot vacant lot in Manorville within the "core preservation area" of the Long Island Central Pine Barrens (see ECL 57-0107[10], [11]). The petitioner subsequently applied to the Central Pine Barrens Joint Planning & Policy Commission (see ECL 57-0119l; hereinafter the Commission) for an extraordinary hardship waiver pursuant to ECL 57-0121(10) and 57-0123(3)(a) exempting it from the restrictions on development in the core preservation area (see Central Pine Barrens Comprehensive Land Use Plan § 5.2) and permitting it to develop a single-family residence on the property and also to develop 5,333 square feet of a certain unopened road to provide access to the proposed dwelling. After a public hearing, in a determination dated June 15, 2016, the Commission denied the petitioner's application.
The petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to review the Commission's determination and action, inter alia, for a judgment declaring that the Commission's determination constitutes an unconstitutional taking of the petitioner's property without just compensation under the Takings Clause of the Fifth Amendment of the United States Constitution. After the respondents answered the petition, the Supreme Court denied the petition/complaint and, in effect, dismissed the proceeding/action. The petitioner appeals.
"Judicial review of the Commission's determination, which was made after a public hearing, as opposed to a quasi-judicial evidentiary hearing, is limited to whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (Matter of Tuccio v Central Pine Barrens Joint Planning & Policy Commn., 67 AD3d 689, 692 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Zupa v Board of Trustees of Town of Southold, 54 AD3d 957, 958; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770; see generally ECL 57-0135). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id. at 431).
Here, contrary to the petitioner's contention, the Commission's determination to deny its application for an extraordinary hardship waiver had a rational basis and was not arbitrary and capricious. In particular, the Commission rationally found, inter alia, that the alleged hardship was not the result of any unique circumstances peculiar to the subject property (see ECL 57-0121[10][a][i]; cf. Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 138 AD3d 996, 996-998; Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 113 AD3d 853, 853-855, 857-858) and, in any event, that the alleged hardship was self-created (see ECL 57-0121[10][a][ii], [iii]; cf. Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 138 AD3d at 996-998; Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn, 113 AD3d at 853-855, 857-858). The Commission also rationally found that the application did not satisfy the requirements of ECL 57-0121(10)(c) and reasonably distinguished the application from prior applications for which it granted an extraordinary hardship waiver (see Knight v Amelkin, 68 NY2d 975, 977). Under these circumstances, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding (see Matter of Peckham v Calogero, 12 NY3d at 431).
However, we disagree with the Supreme Court's determination to summarily dismiss the causes of action for a declaratory judgment and related relief. "In a hybrid proceeding and action, separate rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 932 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 980). "The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 932 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d at 981). "Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation & Historic Preserv., 94 AD3d at 1008). Here, since no party made such a request, we disagree with the Supreme Court's determination summarily disposing of the causes of action for a declaratory judgment and related relief, and we remit the matter to the Supreme Court, Suffolk County, for further proceedings on those causes of action (see Matter of Bonacker Prop., LLC. v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d at 981).
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court