Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro (2021 NY Slip Op 01416)





Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro


2021 NY Slip Op 01416


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-07470
 (Index No. 51009/18)

[*1]In the Matter of Edgar Muller, appellant,
v
Zoning Board of Appeals Town of Lewisboro, et al., respondents.


Hogan & Rossi, Brewster, NY (Nancy Tagliafierro of counsel), for appellant.
Herodes & Molé, P.C., Mahopac, NY (Anthony R. Molé of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, Edgar Muller appeals from a judgment of the Supreme Court, Westchester County (George E. Fufidio, J.), dated May 21, 2018. The judgment, insofar as appealed from, denied the petition to review a determination of the Zoning Board of Appeals of the Town of Lewisboro dated December 13, 2017, made after a hearing, denying his application for a special use permit to operate a private kennel and a variance from the requirements of the Town of Lewisboro Code § 220-39, dismissed the proceeding, and dismissed the cause of action for a judgment declaring that Town of Lewisboro Code § 220-23(D)(7) is unconstitutional.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action for a judgment declaring that Town of Lewisboro Code § 220-23(D)(7) is unconstitutional; as so modified, the judgment is affirmed, without costs or disbursements, the cause of action for a judgment declaring that Town of Lewisboro Code § 220-23(D)(7) is unconstitutional is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for severance of that cause of action and further proceedings on that cause of action.
Edgar Muller (hereinafter the petitioner) owns 11 Siberian Huskies that he keeps on a 2.1 acre property, which is situated in a residential district of the Town of Lewisboro designated R-2A. In July 2017, the petitioner submitted an application to the Town of Lewisboro Zoning Board of Appeals (hereinafter ZBA) for a special use permit to operate a private dog kennel, and a variance from the requirements of the Town of Lewisboro Code § 220-39, which only permits private kennels on lots of four acres or more and provides that the total number of dogs over six months of age in such a kennel cannot exceed 10. After a hearing, on December 13, 2017, the ZBA issued a resolution denying the petitioner's application. The petitioner then commenced this hybrid proceeding pursuant to CPLR article 78 to annul the ZBA's determination, and for a judgment, inter alia, declaring that Town of Lewisboro Code § 220-23(D)(7), which only allowed him to keep 5 dogs over six months of age on his residential property, is unconstitutional. The Supreme Court denied the petition and dismissed the proceeding/action.
Where the local legislative body has found the special use to be appropriate for the [*2]zoning district, a special use permit generally will be granted if the applicant satisfies all of the conditions in the zoning ordinance (see Matter of Juda Constr., Ltd. v Spencer, 21 AD3d 898, 900; Matter of Twin County Recycling Corp. v Yevoli, 224 AD2d 628, 628, affd 90 NY2d 1000; Matter of J.P.M. Props. v Town of Oyster Bay, 204 AD2d 722, 723). "Failure to meet any one of the conditions set forth in the ordinance is . . . sufficient basis upon which the zoning authority may deny the permit application" (Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001-1002; see Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, 43 NY2d 801, 802; Matter of Sullivan v Town Bd. of Town of Riverhead, 102 AD2d 113, 115), and a zoning board "does not have authority to waive or modify any conditions set forth in the ordinance" (Matter of Dost v Chamberlain-Hellman, 236 AD2d 471, 472; see Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 825; Matter of Vergata v Town Bd. of Town of Oyster Bay, 209 AD2d 527, 528). However, in conjunction with seeking a special use permit, an applicant may seek an area variance from a special use permit condition (see Town Law § 274-b[3]; Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d 738, 740; Matter of Real Holding Corp. v Lehigh, 304 AD2d 583, affd 2 NY3d 297; Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon, 250 AD2d 690, 693).
Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Switzgable v Board of Zoning Appeals of the Town of Brookhaven, 78 AD3d 842, 843). "A determination is rational 'if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition'" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67, quoting Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772; see Matter of Schweig v City of New Rochelle, 170 AD3d 863, 866). In determining an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (see Town Law § 267-b[3][b]; Matter of Sasso v Osgood, 86 NY2d 374, 384). The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational (see Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d 1170, 1172).
Here, in denying the petitioner's application for variances, the ZBA properly applied the required balancing test and considered the relevant statutory factors. The evidence in the record
supported the ZBA's findings that granting the requested variances would produce an undesirable change in the character of the neighborhood and have an adverse effect or impact on the physical or environmental conditions of the neighborhood, that the variances were substantial, and that any hardship was self-created (see Town Law § 267-b[3][b]). Accordingly, the ZBA's determination to deny the variances was rational, and not illegal, arbitrary and capricious, or an abuse of discretion.
In the absence of variances from the requirements of Town of Lewisboro Code § 220-39, which permits operation of a private kennel on lots of at least four acres for no more than 10 dogs over six months of age, the petitioner's failure to meet these requirements constituted a sufficient basis for the ZBA's denial of the petitioner's application for a special use permit to operate a private kennel (see Matter of Wegmans Enters. v Lansing, 72 NY2d at 1001-1002). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
However, the Supreme Court should not have summarily dismissed the cause of action for a judgment declaring that Town of Lewisboro Code § 220-23(D)(7) is unconstitutional. "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 932 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980). "The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of Bonacker Prop., LLC v Village [*3]of E. Hampton Bd. of Trustees, 168 AD3d at 932 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d at 981). "'Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action'" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933, quoting Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008). Here, since no party made such a request, the court erred in summarily disposing of the cause of action for a judgment declaring that Town of Lewisboro Code § 220-23(D)(7) is unconstitutional. Accordingly, we remit the matter to the Supreme Court, Westchester County, inter alia, for further proceedings on that cause of action (see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d at 981).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court