Matter of Murnane Bldg. Contrs., Inc. v New York State Olympic Regional Dev. Auth. (2021 NY Slip Op 05756)





Matter of Murnane Bldg. Contrs., Inc. v New York State Olympic Regional Dev. Auth.


2021 NY Slip Op 05756


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531584
[*1]In the Matter of Murnane Building Contractors, Inc., Respondent,
v
New York State Olympic Regional Development Authority et al., Appellants.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Hodgson Russ LLP, Albany (Scott C. Paton of counsel), for appellants.
Hinckley, Allen & Snyder LLP, Albany (Jeremy M. Smith of counsel), for respondent.



Clark, J.
Appeal from that part of an order and judgment of the Supreme Court (Meyer, J.), entered May 20, 2020 in Essex County, which (1) granted petitioner's application, in a combined proceeding pursuant to CPLR article 78, action for declaratory judgment and plenary action, for a declaration that respondents wrongfully terminated their contract with petitioner for cause, and (2) dismissed respondents' second counterclaim.
Respondent New York State Olympic Regional Development Authority (hereinafter ORDA) is a public authority (see Public Authorities Law § 2608) that operates Whiteface Mountain Ski Center in the Town of Wilmington, Essex County. In July 2018, ORDA entered into a contract with petitioner relating to the construction of a new wet well system at Whiteface's Pump House #1, which uses water from the Ausable River for Whiteface's snowmaking operations. Petitioner commenced work on the project in the summer of 2018 and, during the excavation process, encountered soil conditions and boulders that, according to petitioner, were unanticipated and undisclosed. Petitioner thereafter experienced ongoing water infiltration issues that impeded upon its ability to install concrete footings and walls and delayed the completion of petitioner's work. In October 2018, with the water infiltration issue unresolved, ORDA directed petitioner to shut down construction for Whiteface's 2018-2019 operational season. Petitioner resumed its work in the spring of 2019 but continued to experience water infiltration issues that thwarted its ability to complete the contracted work. In June 2019, based upon its conclusion that petitioner had "failed to comprehend the project scope and site conditions[,] such that the [p]roject would be timely completed," ORDA terminated the contract for cause under section 15.2 of the general conditions of the contract.
Petitioner thereafter commenced this combined CPLR article 78 proceeding, action for declaratory judgment and plenary action, alleging that its delay in completing the contracted work was caused by unforeseen and undisclosed subsurface site conditions — namely, the presence of large boulders and increased water infiltration — and that the contract should not have been terminated for cause. Petitioner asserted four claims in its petition/complaint: the first alleging that the determination to terminate the contract for cause was arbitrary and capricious; the second seeking a declaration that, among other things, respondents wrongfully terminated the contract for cause; the third alleging breach of contract; and the fourth seeking injunctive relief, as requested in an accompanying order to show cause. Petitioner simultaneously moved, by order to show cause, for a temporary restraining order and a preliminary injunction staying ORDA's determination to terminate the contract for cause and enjoining ORDA from awarding or approving any contract for completion of the work without complying with competitive bidding laws[*2]. Following oral argument, Supreme Court signed the order to show cause, granting the temporary restraining order to the extent of prohibiting ORDA from awarding a contract to a third party for completion of the work without competitive bidding and setting the matter down for a hearing on the preliminary injunction. Respondents opposed the application for a preliminary injunction and, shortly thereafter, joined issue, asserting 10 affirmative defenses and two breach of contract counterclaims for compensatory and liquidated damages.
Roughly a week after joinder of issue, a hearing ensued on the application for a preliminary injunction and the relief sought in the CPLR article 78 proceeding.[FN1] Following the hearing, which took place over four dates, Supreme Court issued an order and judgment dismissing petitioner's first cause of action on the ground that a proceeding pursuant to CPLR article 78 did not lie, but granting petitioner's declaratory judgment cause of action, stating that "[t]here were and are no grounds to terminate [petitioner] under section 15.2 of the [g]eneral [c]onditions of the contract." The court also dismissed respondents' counterclaims.[FN2] Respondents appeal from all parts of Supreme Court's order and judgment, except those parts that dismissed its first counterclaim for liquidated damages and petitioner's first cause of action.
We agree with respondents that, after determining that CPLR article 78 relief was inappropriate, Supreme Court should have confined the remainder of its determination to whether petitioner was entitled to a preliminary injunction. Supreme Court, however, did not do so. Instead, Supreme Court prematurely resolved the merits of petitioner's declaratory judgment cause of action and respondents' counterclaims, without first affording the parties their rights to discovery and a jury trial on the claims/counterclaims raised in the plenary action (see CPLR 3103 [a]; 4101; Strachman v Palestinian Auth., 73 AD3d 124, 127 [2010]), and without a note of issue and certificate of readiness having been filed.[FN3] Moreover, Supreme Court did not acknowledge or address petitioner's third cause of action for breach of contract, even though the plenary action involves, at its heart, a contract dispute.[FN4] Although petitioner also asserted a cause of action for a declaratory judgment, the award of declaratory relief hinges on the resolution of the contract dispute — that is, whether respondents wrongfully terminated the contract for cause under the terms of the contract. Given Supreme Court's premature and improper resolution of claims raised in the plenary action (see generally Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d 918, 920 [2013]; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 980-981 [2010]), we reverse so much of the order and judgment as granted petitioner's cause of action for a declaratory judgment and dismissed respondents' second counterclaim [FN5] and remit [*3]the matter for further proceedings before a different judge.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's claim for a declaratory judgment in its favor and dismissed respondents' second counterclaim; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision before a different judge; and, as so modified, affirmed.



Footnotes

Footnote 1: The scope of the hearing, which was apparently discussed at a pretrial conference that was not transcribed, was the subject of debate at the hearing's outset. Respondents' counsel argued that relief under CPLR article 78 was inappropriate because the controversy sounded in breach of contract and that the hearing should therefore be limited to petitioner's application for a preliminary injunction. Supreme Court did not ultimately clarify the scope of the hearing, but made comments throughout the four-day hearing that indicated that it was a hearing on the application for a preliminary injunction and the requested CPLR article 78 relief.

Footnote 2: Supreme Court did not address petitioner's application for a preliminary injunction or petitioner's third cause of action for breach of contract. As such, petitioner's breach of contract claim is seemingly still alive.

Footnote 3: The hearing began only about a week after joinder of issue.

Footnote 4: In its order and judgment, Supreme Court mistakenly indicates that the petition/complaint contains only two causes of action — one seeking relief under CPLR article 78 and another seeking a declaratory judgment.

Footnote 5: Although Supreme Court also prematurely resolved respondents' first counterclaim, we note that respondents have expressly indicated that they are not appealing from that part of the order and judgment.