■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SCOGGINS, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered February 14, 1989, convicting defendant, after trial by jury, of attempted burglary in the third degree and possession of burglar's tools and sentencing him to 1½ to 3 years of imprisonment on the burglary count and six months on the possession count, to run concurrently, unanimously affirmed.

At approximately 1:50 A.M. on May 5, 1988, New York City Housing Authority police officers observed defendant with his hands on a window guard of a building at the Abraham Lincoln Housing Project at 60 East 135th Street. The officers approached and, approximately 45 seconds later, saw defendant jimmying, with a hammer, the door of the ground-floor community center. Defendant told the officers he was looking for a place to go to the bathroom. The window at which defendant had first been observed had signs of an attempted forced entry. Defendant was arrested, and the hammer, pliers, and a screwdriver were recovered from his person.

The trial court properly denied defendant's request to charge trespass in the third degree (Penal Law § 140.10) as a lesser included offense of attempted burglary in the third degree. (See, People v Henderson, 41 NY2d 233.) Defendant's statement to the officers that he intended to go to the bathroom, relied upon by him as negating an inference that he had a criminal purpose in attempting the unlawful entry, was insufficient under these circumstances to require the charge. The test for whether a lesser included offense should be charged is not whether there is any view of the evidence that defendant committed the lesser but not the greater offense, but whether there is a "reasonable view". (People v Mongen, 157 AD2d 82, lv granted 76 NY2d 799.) No "reasonable view" of the evidence could lead one to conclude that defendant, by happenstance armed with burglar's tools, attempted unlawful entry of the premises for an innocent, rather than criminal, purpose.

There is no merit to defendant's claim that he was denied a fair trial by errors committed by the prosecutor during summation. These arguments were not preserved for review. There were no objections to certain of the remarks, and the court sustained counsel's objections to the prosecutor's remarks allegedly denigrating the defense and to the statement that defense counsel had conceded that the officer's testimony should be credited because counsel "had no choice". No further curative instructions were sought. Moreover, were we to reach them in the interest of justice we would find them to be without merit. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.