■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROHENA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 19, 1988, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although it was improper for Assistant District Attorney Daniel Penofsky to have prosecuted this matter, since he was not admitted to the practice of law, the defendant has failed to demonstrate any resulting prejudice. Absent a showing of prejudice, this regrettable circumstance does not constitute reversible error (see, People v Carter, 77 NY2d 95, cert denied — US —, 111 S Ct 1599; People v Jackson, 163 AD2d 489).

The defendant's contentions with regard to the court's predeliberation Allen charge are not preserved for appellate review (see, CPL 470.05 [2]). In any event, the charge did not deprive the defendant of a fair trial (see, People v Innocent, 150 AD2d 608; People v Bowen, 134 AD2d 356).

The trial court properly refused to charge criminal trespass in the third degree as a lesser included offense of attempted burglary in the second degree since there is simply no reasonable view of the evidence that could lead one to conclude that the defendant, equipped with a burglar's tool, attempted unlawful entry into the premises for an innocent, rather than a criminal, purpose (see, People v Scoggins, 167 AD2d 321).

We have reviewed the defendant's sentence and find it to be appropriate under all of the circumstances (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]) and, in any event, do not warrant reversal. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SANDERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered October 16, 1989.

Ordered that the appeal is dismissed (see, People v Seaberg, 74 NY2d 1). Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.