■ In the Matter of ALEX B., a Person Alleged to be a Juvenile Delinquent, Appellant. [665 NYS2d 251] —Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about January 29, 1997, which adjudicated appellant a juvenile delinquent following a fact-finding determination that appellant committed an act, which if committed by an adult, would constitute the crime of attempted assault in the third degree, and placed him with the Division for Youth, limited secure, for 12 months, unanimously affirmed, without costs.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). There was ample evidence from which the court could infer appellant's intent to physically injure the complainant. Concur—Murphy, P. J., Nardelli, Williams and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEREDITH SALIK, Appellant. [664 NYS2d 550] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered March 1, 1995, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 2¾ to 5½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see, People v Castillo*, 47 NY2d 270, 277-278). Furthermore, the court properly denied defendant's request to charge attempted criminal trespass in the second degree as a lesser included offense of attempted burglary in the second degree (*People v Scoggins*, 167 AD2d 321, 322, *lv denied* 77 NY2d 882). There was no reasonable view of the evidence that defendant did not possess the intent to commit a crime in the building. Concur—Murphy, P. J., Nardelli, Williams and Colabella, JJ.