Matter of Coma Realty Corp. v Davis (2021 NY Slip Op 07283)





Matter of Coma Realty Corp. v Davis


2021 NY Slip Op 07283


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-01201
 (Index No. 221/17)

[*1]In the Matter of Coma Realty Corp., etc., respondent-appellant, 
v
James E. Davis, etc., et al., appellants-respondents.


Jessica Molinares Kalpakis, Acting County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants-respondents.
Koeppel Martone & Leistman, LLC, Mineola, NY (Donald F. Leistman, Jamie P. Alpern, Michael P. Guerriero, Risë E. Rosen, Carol Rizzo, Myrna A. Cadet-Osse, Jason M. Penighetti, and Ryan C. Hild of counsel), for respondent-appellant.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, James E. Davis, the County of Nassau, and the Nassau County Legislature appeal, and the petitioner cross-appeals, from an order and judgment (one paper) of the Supreme Court, Nassau County (Anthony F. Marano, J.), dated December 5, 2017. The order and judgment, insofar as appealed from, granted the seventh cause of action in the petition/complaint and declared Nassau County Administrative Code § 6-30.0(f) and (j) unconstitutional. The order and judgment, insofar as cross-appealed from, in effect, denied the remainder of the petition/complaint and dismissed the remainder of the proceeding/action.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof, in effect, denying and dismissing the first cause of action in the petition/complaint, and (2) by deleting the provision thereof granting the seventh cause of action in the petition/complaint and declaring Nassau County Administrative Code § 6-30.0(f) and (j) unconstitutional; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the first cause of action is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
Nassau County Administrative Code § 6-30.0 (hereinafter the ASIE law) requires owners of certain income-producing properties in Nassau County to file a statement setting forth "all income derived from and all expenses attributable to the operation of such property" (Nassau County Administrative Code § 6-30.0[b]). In 2013, the Nassau County Legislature enacted Local Law 8-2013, which amended the penalty imposed by the ASIE law for a failure to file an ASIE statement (see Nassau County Administrative Code § 6-30.0[f], [j]). The petitioner/plaintiff commenced this hybrid proceeding and action against the acting Nassau County Assessor, the County of Nassau, and the Nassau County Legislature seeking, inter alia, a declaration that Nassau County Administrative Code § 6-30.0(f) and (j) were unconstitutional as an unauthorized and illegal tax. The Supreme Court granted the seventh cause of action in the petition/complaint and declared Nassau County Administrative Code § 6-30.0(f) and (j) unconstitutional, but, in effect, denied the remainder of the petition/complaint. The respondents/defendants appeal and the petitioner/plaintiff cross-appeals.
"'In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment'" (Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d 1030, 1033, quoting Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008). "[W]here no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008).
Contrary to the respondents/defendants' contention, the petition/complaint was not procedurally defective. Although a CPLR article 78 proceeding is not the proper vehicle to challenge the constitutionality of a local law (see Matter of Save Pine Bush v City of Albany, 70 NY2d 193, 202), the petitioner/plaintiff was able to challenge the constitutionality of the ASIE law in a hybrid proceeding and action (see Matter of Jackson v Anderson, 149 AD3d 933, 934; see also Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 928; Westhampton Beach Assoc., LLC v Incorporated Vil. of Westhampton Beach, 151 AD3d 793, 795). However, since the petitioner/plaintiff challenged the ASIE law pursuant to CPLR 3001, the Supreme Court erred in employing the summary procedure of CPLR 409(b), and should have instead required the petitioner/plaintiff to move for summary judgment pursuant to CPLR 3212 (see Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d at 1033; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008). In any event, the court erred in summarily granting the seventh cause of action because the petitioner/plaintiff failed to eliminate all triable issues of fact concerning the respondents/defendants' use of the revenue collected from penalties levied pursuant to Nassau County Administrative Code § 6-30.0(f) and (j).
Turning to the cross appeal, the Supreme Court properly, in effect, denied the cause of action alleging that the respondents/defendants failed to calculate the penalties levied upon the petitioner/plaintiff based on the fair market value of its property, as required by Nassau County Administrative Code § 6-30.0(f). The affidavit of Anthony Arcuri, an employee of the Nassau County Department of Assessment (hereinafter DOA), established that the DOA employed a formula to calculate the fair market value of each property and then used that calculation when levying penalties pursuant to Nassau County Administrative Code § 6-30.0(f). In opposition to this showing, the petitioner/plaintiff failed to raise a triable issue of fact. The court also properly determined that the respondents/defendants' hearing procedures did not deprive the petitioner/plaintiff of due process. Contrary to the petitioner/plaintiff's contention, the fact that DOA employees prosecute and adjudicate violations does not deprive it of due process, as the combination of investigative and adjudicative functions is not, ipso facto, a denial of due process, and the petitioner/plaintiff failed to demonstrate any other bias in the procedures (see Town of Oyster Bay v Kirkland, 81 AD3d 812, 817; Matter of Berncolors-Poughkeepsie, Inc. v City of Poughkeepsie, 96 AD2d 595, 597).
Contrary to the petitioner/plaintiff's contention, the Supreme Court properly determined that the penalties were not unconstitutional excessive fines, as the record demonstrated that the penalties were remedial fines meant to ensure compliance with the ASIE law and thus, did not violate the constitutional prohibition against excessive fines (see Tiwari v City of New York, 190 AD3d 442, 443; OTR Media Group, Inc. v City of New York, 83 AD3d 451, 454). Further, the court properly denied the cause of action alleging that the acting County Assessor was not qualified to serve as the County Assessor and thus, exceeded his authority when he levied penalties against the petitioner/plaintiff. The petitioner/plaintiff failed to demonstrate that it was prejudiced by the respondents/defendants' failure to comply with Nassau County Charter § 601(a) and the acting County Assessor's failure to meet the qualifications required in Nassau County Charter § 601(b) (see People v Rohena, 183 AD2d 859, 859; People v Jackson, 163 AD2d 489, 490).
The Supreme Court, however, erred in denying the first cause of action in the petition/complaint, alleging, inter alia, that the penalties levied against the petitioner/plaintiff were based on flawed and inaccurate records, rendering them void. The affidavits submitted by the petitioner/plaintiff raised triable issues of fact as to whether inaccuracies in the [*2]respondents/defendants' records regarding compliance with the ASIE law led to the respondents/defendants issuing violations in error or mailing notice of the violations to the wrong addresses (see CPLR 409[b]; 7804[h]). Moreover, the administrative record before us is not sufficiently developed to permit us to ascertain whether the respondents/defendants' records were erroneous and led to mistakes in the issuance of violations and mailing of notice.
Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings on the petition/complaint, including a hearing to resolve the factual issues relating to the first cause of action in the petition/complaint and a new determination on that cause of action.
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court