22-979-cv
Oliver v. D'Amico

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Jean C. Oliver,

> *Plaintiff-Appellant,*

> v.                                                     22-979

Joseph D'Amico, in his individual and official capacity, Francis Christensen, in his individual and official capacity, Michael Cerretto, in his individual

**and official capacity, Steven Nigrelli, in his individual and official capacity, Timothy Owens, in his individual and official capacity, Timothy Bour, in his individual and official capacity, Gary Kopacz, in his individual and official capacity, New York State Police, Paul Kelly, in his individual and official capacity, Wayne Olson, in his individual and official capacity, Martin McKee, in his individual and official capacity,**

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**       JEAN C. OLIVER, pro se, Elma, NY.

**FOR DEFENDANTS-APPELLEES:**       DANIEL J. MOORE, Harris Beach PLLC, Pittsford, NY, *for* New York State Police, Joseph D'Amico, Francis Christensen, Michael Cerretto, Steven Nigrelli, Timothy Owens, Timothy Bour, Gary Kopacz, Paul Kelly, and Wayne Olson.

LISA F. JOSLIN, Gleason, Dunn, Walsh & O'Shea, Albany, NY, *for* Martin McKee.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, Chief Judge).

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2015, Plaintiff-Appellant Jean Oliver, proceeding pro se, sued her former employer, the New York State Police ("NYSP"), and former co-workers under federal and state law for employment discrimination, creation of a hostile work environment, and retaliation. Oliver alleged that she was subjected to sexual harassment and was disciplined and fired when she complained. With an opinion issued in April 2020, the district court granted in part and denied in part the defendants' motion for summary judgment, holding that there was no triable issue of material fact as to Oliver's discrimination claims and some of her hostile work environment claims. *See Oliver v. N.Y. State Police*, No. 15-CV-00444, 2020 WL 1989180 (N.D.N.Y. Apr. 27, 2020).

After additional litigation, only four claims remained for trial: (1) a hostile work environment claim under 42 U.S.C. § 1983 against defendant Paul Kelly, the senior investigator at the team based in Batavia, New York, to which Oliver had been assigned in 2008; (2) a Title VII retaliation claim against the NYSP regarding the termination of Oliver's undercover duties and her transfer to the Counter-Terrorism Investigations Unit ("CTIU") in Buffalo; and (3) retaliation claims under the New York State Human Rights Law ("NYSHRL") against defendants Wayne Olson and Martin McKee regarding her transfer to Timothy Bour's team, her transfer to CTIU, and the termination of her undercover duties. *See Oliver v. N.Y. State Police*, No. 15-CV-00444, 2021 WL 5493021, at *3-4 (N.D.N.Y. Nov. 23, 2021). The jury found for the defendants, and the district court denied Oliver's post-trial motions. *See Oliver v. N.Y. State Police*, No. 15-CV-00444, 2023 WL 246698, at *1 (N.D.N.Y. Jan. 18, 2023).

There are four issues presented in this appeal: (1) whether the district court properly granted summary judgment as to eleven of Oliver's claims; (2) whether

the district court properly exercised its discretion in limiting the admission of documents and testimony at trial and in its pre-trial evidentiary rulings; (3) whether an Article 78 decision upholding the NYSP's decision to fire Oliver was entitled to preclusive effect; and (4) whether some of Oliver's Title VII claims were time-barred. We affirm the judgment of the district court. We assume the parties' familiarity with the facts and the procedural history.

## I.     Summary Judgment

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Having reviewed the record and the opinion of the district court, we conclude that summary judgment was properly granted to the defendants on (1) the Title VII sex discrimination, hostile work environment, and retaliation claims (with the exception of the Title VII retaliation claim against the NYSP that proceeded to trial); (2) the Rehabilitation Act disability discrimination claim; (3) the § 1983 sex discrimination, hostile work environment, and retaliation claims under the Equal Protection Clause (with the exception of the § 1983 hostile work environment claim against SI Kelly that proceeded to trial); (4) the civil rights conspiracy claims; and (5) the NYSHRL sex discrimination, hostile work environment, disability discrimination, and retaliation claims (with the exception of the NYSHRL retaliation claims against Lt. McKee and Major Olson that proceeded to trial). We affirm the judgment for substantially the reasons stated by the district court in its April 2020 opinion. Two points warrant additional discussion.

4

## A. Preclusive Effect of the Article 78 Decision

Oliver challenges the district court's application of issue preclusion to the Article 78 decision, which arose out of a disciplinary hearing conducted pursuant to 9 N.Y. Comp. Codes R. & Regs. tit. 9 § 479.8. The preclusive effect of state judgments is governed by state law. *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 310 (2d Cir. 2005). In New York, issue preclusion applies if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (quoting *Vargas v. City of New York*, 377 F.3d 200, 205-06 (2d Cir. 2004)); *accord Samhammer v. Home Mut. Ins. Co. of Binghamton*, 120 A.D.2d 59, 62-63 (3d Dep't 1986).[1]

The Appellate Division, Fourth Department, concluded in the Article 78 proceeding that the "factual findings of the Hearing Board," on which the decision to terminate Oliver was based, "are supported by substantial evidence." *In re Oliver v. D'Amico*, 151 A.D.3d 1614, 1618 (4th Dep't 2017). The issue of whether there was a reasonable basis for the termination was thereby decided in the course of the administrative proceedings. *Id.*

Oliver contends, however, that she was denied an adequate opportunity

---

[1] We recently held that "a judgment in a 'pure' Article 78 proceeding does not preclude, under the doctrine of *res judicata*, a later section 1983 damages claim based on the same set of facts." *Whitfield v. City of New York*, 96 F.4th 504, 525 (2d Cir. 2024). That is because "Article 78 proceedings are characterized by a limited and expedited 'summary procedure'" and "[t]he relief available in an Article 78 proceeding is also limited." *Id.* at 520 (quoting *Coma Realty Corp. v. Davis*, 200 A.D.3d 975, 976 (2d Dep't 2021)). In *Whitfield*, however, we did not address whether Article 78 proceedings have issue-preclusive effect. *See id.* at 523 n.16 ("We do not address issue preclusion here: although Defendants argued before the district court that it constituted an independent ground for dismissal, the district court did not reach the argument and Defendants do not raise it on appeal.").

to litigate her termination, pointing to evidence that Superintendent Joseph D'Amico improperly delayed her disciplinary hearing and lied about independently reviewing the basis for her disciplinary charges in his role as Superintendent. But even assuming that D'Amico signed off on the board's decision without the proper scrutiny, as Oliver charges, that lax oversight would not have prevented Oliver from fully litigating the charges or from challenging her termination in an Article 78 proceeding. On this record, the district court properly concluded that the administrative proceedings have issue-preclusive effect.

### B. Timeliness of Title VII Claims

Oliver also contends that her Title VII claims were timely. Under Title VII, a plaintiff must file a charge with the EEOC within 300 days of a discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Claims concerning discrete acts outside this window will be time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

Oliver filed her EEOC charge on September 25, 2014. Therefore, any claims concerning discrete acts before November 29, 2013—the date 300 days prior to September 25, 2014—are time-barred.

Oliver argues that she has a letter from the EEOC stating that her charge was actually filed on September 15, 2014. However, the record shows that on September 25, 2014, Oliver filed a charge that referenced a memorandum dated September 24, 2014—a reference that could not have been made if her charge were actually filed on September 15th. Accordingly, the district court properly determined that Oliver filed her EEOC charge on September 25 rather than September 15.

## II. Trial

### A. Limitations on Claims Presented at Trial

Oliver argues that the district court unfairly limited her trial presentation to four claims. Upon review of the operative amended complaint and the summary judgment decision, we see no error in the district court's decision. Oliver's claims were fully and thoroughly addressed by the district court's ruling and Oliver did not demonstrate that any claims were left unaddressed.

### B. Evidentiary Rulings

We review a district court's evidentiary rulings for abuse of discretion and "will reverse only if an erroneous ruling affected a party's substantial rights." *Marcic v. Reinauer Transp. Co.*, 397 F.3d 120, 124 (2d Cir. 2005).

Oliver contends that the district court inappropriately prohibited her from presenting evidence and cross-examining Martin McKee, Paul Kelly, and Wayne Olson. But Oliver had an opportunity to cross-examine each of these witnesses and did so. And as emphasized by the district court, Oliver's exhibits were disorganized, *see Oliver*, 2023 WL 246698, at *3, so it was reasonable for the district court to require her to organize her evidence in a way that would permit "orderly" and "clear[]" presentation to the jury, *Anderson v. Great Lakes Dredge & Dock Co.*, 509 F.2d 1119, 1131 (2d Cir. 1974).

\* \* \*

7

We have considered Oliver's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court