■ In the Matter of ALICE BAKER et al., Respondents, v BOARD OF EDUCATION et al., Appellants. (Proceeding No. 1.) In the Matter of KATHERYN VALENTINO, Respondent, v BOARD OF EDUCATION, WAPPINGERS CENTRAL SCHOOL DISTRICT, et al., Appellants. (Proceeding No. 2.) [815 NYS2d 112]—

In two related proceedings pursuant to CPLR article 78 to compel the Board of Education, Wappingers Central School District, and Richard Powell, as Superintendent, to reinstate the practice of reimbursing retirees for Medicare Part B premiums, and to pay the petitioners any such premiums it has not reimbursed, the appeal is from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated May 26, 2004, which granted the petitions and, inter alia, directed the respondents "to pay petitioners and those similarly situated the amounts . . . that [they] would have been reimbursed had there been no cessation of such reimbursements."

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the words "and those similarly situated" from the third decretal paragraph thereof; as so modified, the judgment is affirmed, with one bill of costs to the petitioners appearing separately and filing separate briefs.

The petitioners are retirees or spouses of retirees of the Wappingers Central School District (hereinafter the District). In the past, as part of their continuing health insurance benefits provided for in their respective collective bargaining agreements, the District reimbursed the petitioners for the Medicare Part B premiums. These premiums were paid by the petitioners by way of a direct deduction from their Social Security benefits. The District notified the petitioners that effective October 2003

it would no longer reimburse them for any part of those Medicare Part B premiums.

Thereafter, the petitioners commenced these proceedings to compel the District to reinstate that reimbursement, contending that the unilateral cessation thereof violated chapter 48 of the Laws of 2003 (hereinafter the Moratorium). The Supreme Court agreed, annulled the determination, and directed the respondents "to pay petitioners and those similarly situated the amounts . . . that [they] would have been reimbursed had there been no cessation of such reimbursements."

We agree with the Supreme Court that the District violated the Moratorium since there is no indication that the District made a corresponding diminution in the health insurance benefits or contributions of active employees during the Moratorium period. Accordingly, the judgment, as modified, should be affirmed (cf. *Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist.*, 21 AD3d 1134 [2005]).

Contrary to the District's contention, reimbursing retirees for Medicare Part B premiums is not an improper gift of public funds in violation of New York Constitution, article VIII, § 1 (*see Piro v Bowen*, 76 AD2d 392, 398 [1980]). General Municipal Law § 92-a (2) permits retirees of a public school to subscribe to its health insurance plan, and health insurance benefits are provided for in the petitioners' collective bargaining agreements (cf. *Matter of Karp v North Country Community Coll.*, 258 AD2d 775 [1999]).

The Supreme Court erred in also granting relief to those situated similarly to the petitioners since such relief was not requested by the petitioners in their respective petitions.

The parties' remaining contentions are either not properly before this Court, unpreserved for appellate review, or without merit. Florio, J.P., Crane, Ritter and Lifson, JJ., concur.