■ In the Matter of ANDRE ANTROBUS, Petitioner, v WILLIAM LEE, as Superintendent of the Green Haven Correctional Facility, Respondent. [30 NYS3d 882]—

Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility, dated August 26, 2014, which affirmed a determination of a hearing officer dated July 14, 2014, made after a tier II disciplinary hearing, finding the petitioner guilty of violating certain rules of the Institutional Rules of Conduct, and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the misbehavior report and testimony of a prison official constituted substantial evidence to support the hearing officer's determination that the petitioner violated Institutional Rules of Conduct rules 104.11 (7 NYCRR 270.2 [B] [5] [ii]), 100.13 (7 NYCRR 270.2 [B] [1] [iv]), and 106.10 (7 NYCRR 270.2 [B] [7] [i]) (*see Matter of Burgess v Bellnier*, 138 AD3d 989, 990 [2d Dept 2016]; *Matter of Berkoviz v Lee*, 102 AD3d 866, 867 [2013]; *Matter of Topsy v Venettozzi*, 98 AD3d 520, 521 [2012]).

The fact that the petitioner submitted competing evidence did not warrant a different result. "When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon

the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " (*Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947 [2012], quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Even though the version of events relayed by the petitioner and his inmate witnesses conflicted with that of the correction officer who authored the inmate misbehavior report, this presented a credibility question to be resolved by the hearing officer (*see Matter of Jackson v Prack*, 137 AD3d 1133 [2016]).

Moreover, "[t]he mere fact that the Hearing Officer ruled against the petitioner does not establish bias" (*Matter of De La Cruz v Selsky*, 36 AD3d 907, 907 [2007]). The petitioner failed to demonstrate that the hearing officer was biased, as the record reveals that the hearing was conducted in a fair and impartial manner (*see Matter of Stephens v Lee*, 115 AD3d 964, 964-965 [2014]; *Matter of Cepeda v Goord*, 39 AD3d 640, 641 [2007]). Rivera, J.P., Austin, Roman and Cohen, JJ., concur.