Matter of Striplin v Griffin (2018 NY Slip Op 06097)





Matter of Striplin v Griffin


2018 NY Slip Op 06097


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-06286
 (Index No. 420/17)

[*1]In the Matter of Joseph Striplin, petitioner,
v
Thomas Griffin, etc., respondent.


Joseph Striplin, Stormville, NY, petitioner pro se.
Barbara D. Underwood, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated February 2, 2017. The determination affirmed a determination of a hearing officer dated January 13, 2017, made after a tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rule 101.20 (7 NYCRR 270.2[B][2][iii]), and imposing penalties.
ADJUDGED that the determination dated February 2, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
On January 13, 2017, following a tier II disciplinary hearing, a hearing officer determined that the petitioner violated Institutional Rules of Conduct rule 101.20 (7 NYCRR 270.2[B][2][iii]). The petitioner appealed to the respondent, who affirmed the determination on February 2, 2017. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination. By order dated June 12, 2017, the Supreme Court, Dutchess County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Vaughn v Orlando, 79 AD3d 1048, 1049-1050 [internal quotation marks omitted]; see CPLR 7803[4]). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made [by such agency] where the evidence is conflicting and room for choice exists'" (Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 443-444).
Contrary to the petitioner's contention, the inmate misbehavior report and testimony of a prison official constituted substantial evidence to support the hearing officer's determination that the petitioner violated Institutional Rules of Conduct rule 101.20 (7 NYCRR 270.2[B][2][iii]) (see Matter of Antrobus v Lee, 140 AD3d 745).
The petitioner's contention that the hearing officer failed to consider his retaliation defense is without merit. The record reflects that the hearing officer considered the petitioner's testimony, which included his testimony that the correction officer who authored the inmate misbehavior report did so in retaliation against him. The petitioner's testimony and the testimony of his witnesses presented a credibility question to be resolved by the hearing officer (see Matter of Cruz v Annucci, 152 AD3d 1100, 1101; Matter of Antrobus v Lee, 140 AD3d at 746; Matter of Jackson v Prack, 137 AD3d 1133, 1134).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court