Matter of Bailenson v Board of Educ. of the Chappaqua Cent. Sch. Dist. (2021 NY Slip Op 03318)





Matter of Bailenson v Board of Educ. of the Chappaqua Cent. Sch. Dist.


2021 NY Slip Op 03318


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2019-08292
 (Index No. 70427/18)

[*1]In the Matter of Myrna Bailenson, et al., respondents,
v
Board of Education of the Chappaqua Central School District, et al., appellants.


Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for appellants.
Robert T. Reilly, New York, NY (Oriana Vigliotti of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Chappaqua Central School District dated August 16, 2018, which discontinued reimbursements for certain Medicare Part B premium surcharges, the appeal is from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated May 20, 2019. The judgment granted the petition, annulled the determination, and directed the respondents to reinstate reimbursement for the Medicare Part B surcharges.
ORDERED that the judgment is affirmed, with costs.
Pursuant to collective bargaining agreements (hereinafter CBAs) between the Chappaqua Central School District (hereinafter the district) and the Chappaqua Congress of Teachers (hereinafter the CCT), an association representing district employees, the district agreed to provide healthcare benefits for active and retired employees and their spouses and dependents. Retired employees over age 65 were required to enroll in a Medicare Part B program (hereinafter Part B) and, in keeping with the CBAs, the district reimbursed retirees the cost of Part B coverage. Some retirees, based upon their household income, were subject to a surcharge in addition to the standard Part B premium, known as the income-related monthly adjustment amount (hereinafter IRMAA). Prior to August 2018, the district reimbursed retirees for IRMAA surcharges in addition to the standard premium cost.
On August 16, 2018, the district informed retirees that it would no longer reimburse them for IRMAA surcharges. In response, the petitioners commenced this CPLR article 78 proceeding against the Board of Education of the Chappaqua Central School District, the district, and Christine Ackerman, as superintendent of the district, seeking to annul the August 16, 2018 determination on the ground that it violated chapter 729 of the Laws of 1994 (as amended by L 2007, ch 22), known as the Retiree Health Insurance Moratorium Act (hereinafter the moratorium statute), and seeking reinstatement of the reimbursements.
The Supreme Court agreed that the district's discontinuation of reimbursements violated the moratorium statute, granted the petition, and directed the district to reinstate the reimbursement, including retroactive reimbursements. This appeal ensued.
The moratorium statute sets "'a minimum baseline or "floor" for retiree health benefits'" which is "'measured by the health insurance benefits received by active employees. . . . In other words, the moratorium statute does not permit an employer to whom the statute applies to provide retirees with lesser health insurance benefits than active employees'" (Matter of Altic v Board of Educ., 142 AD3d 1311, 1312, quoting Matter of Anderson v Niagara Falls City Sch. Dist., 125 AD3d 1407, 1408). Thus, a school district may not diminish retirees' health insurance benefits unless it makes "a corresponding diminution in the health insurance benefits or contributions of active employees" (Matter of Baker v Board of Educ., 29 AD3d 574, 575). The purpose of the moratorium statute is to protect the rights of retirees who "'are not represented in the collective bargaining process, [and] are powerless to stop unilateral depreciation or even elimination of health insurance benefits once the contract under which they retired has expired'" (Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist., 21 AD3d 1134, 1135, quoting Assembly Mem in Support, 1996 McKinney's Session Laws of NY at 2050; see Matter of Jones v Board of Educ. of Watertown City School Dist., 30 AD3d 967, 970).
Here, it is undisputed both that the CBAs between the district and the CCT did not address Part B or IRMAA reimbursements and that the district in fact provided such reimbursements, even if, as it claims, the reimbursements were made inconsistently. Thus, the reimbursements were "retiree health insurance benefits that were voluntarily conferred as a matter of school district policy" (Kolbe v Tibbetts, 22 NY3d 344, 358). Accordingly, the Supreme Court correctly concluded that the discontinuation of IRMAA reimbursements was a matter subject to the moratorium statute (see Matter of Anderson v Niagara Falls City Sch. Dist., 125 AD3d at 1408-1409; Matter of Baker v Board of Educ., 29 AD3d at 575; Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist., 21 AD3d at 1136; see generally Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1238; Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1480-1481, affd 95 AD3d 1479).
Like the Supreme Court, we find unpersuasive the district's claim that IRMAA reimbursements were disbursed for a decade as the result of an administrative error without the district becoming aware of the error. However, even if proved, the district has pointed to no authority suggesting that this alleged error removes the matter from the scope of the moratorium statute. Similarly, the court correctly rejected as "circular reasoning" which was "entirely inconsistent with the legislative intent" of the moratorium statute the district's claim that the new policy would cause a corresponding diminution in active employees' benefits since, upon retirement, they, too, would not receive IRMAA reimbursements. The purpose of the moratorium statute was to tie retiree benefits to active employee benefits so that retirees could benefit from the collective bargaining power of the active employees. To accept the district's argument would eviscerate that purpose (see Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist., 21 AD3d at 1135; Assembly Mem in Support, 1996 McKinney's Session Laws of NY at 2049-2050). Accordingly, the court correctly determined that discontinuation of IRMAA reimbursements violated the moratorium statute and properly granted the petition.
LASALLE, P.J, CHAMBERS, AUSTIN and IANNACCI, JJ., concur.

2019-08292 DECISION & ORDER ON MOTION
In the Matter of Myrna Bailenson, et al., respondents,
v Board of Education of the Chappaqua Central
School District, et al., appellants.
(Index No. 70427/18)

Motion by the petitioners to strike footnote 2 on page 5 of the appellants' reply brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated July 31, 2020, the motion was held in abeyance and referred to the panel of Justices [*2]hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted, and footnote 2 on page 5 of the appellants' reply brief is deemed stricken and has not been considered in the determination of the appeal.
LASALLE, P.J, CHAMBERS, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court