Matter of Barranco v Annucci (2022 NY Slip Op 00657)





Matter of Barranco v Annucci


2022 NY Slip Op 00657


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-09328
 (Index No. 4327/19)

[*1]In the Matter of Earle Barranco, petitioner,
v
Anthony Annucci, respondent.


Earle Barranco, Otisville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Director of the Special Housing/Inmate Disciplinary Program for Otisville Correctional Facility, on behalf of Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated February 28, 2019. The determination upheld a determination of a hearing officer dated January 14, 2019, made after a tier III disciplinary hearing, finding that the petitioner was guilty of violating prison disciplinary rule 113.13 (7 NYCRR 270.2[B][14][iii]) and imposing penalties.
ADJUDGED that the determination dated February 28, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In January 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Director of the Special Housing/Inmate Disciplinary Program for Otisville Correctional Facility, on behalf of Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision dated February 28, 2019, which upheld a determination of a hearing officer, dated January 14, 2019, made after a tier III disciplinary hearing, finding that the petitioner was guilty of violating prison disciplinary rule 113.13 (7 NYCRR 270.2[B][14][iii]) and imposing penalties. By order dated July 29, 2019, the Supreme Court, Orange County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
This Court's review of a determination made after a quasi-judicial administrative hearing is limited to a consideration of whether the determination is supported by substantial evidence upon the whole record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181; Matter of Striplin v Griffin, 164 AD3d 1347, 1347). Thus, in order to sustain the determination, this Court "must find that the disciplinary authorities have offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Bryant v Coughlin, 77 NY2d 642, 647).
Here, there was substantial evidence in the record to support the hearing officer's determination that the petitioner was guilty of violating prison disciplinary rule 113.13 (7 NYCRR 270.2[B][14][iii]). Contrary to the petitioner's contention, the written disposition by the hearing [*2]officer provides a basis for administrative and judicial review of the prison authorities (see e.g. Matter of Brown v Scully, 110 AD2d 835, 836). The written disposition indicates that the hearing officer relied upon an inmate misbehavior report specifically referencing the petitioner, and the hearing testimony of a nurse who examined the petitioner at the time of the incident and found him to be intoxicated (see e.g. Matter of Striplin v Griffin, 164 AD3d at 1348; Matter of Antrobus v Lee, 140 AD3d 745).
The petitioner's remaining contentions are without merit.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court