Matter of Perrotta v Syosset Cent. Sch. Dist. (2022 NY Slip Op 06704)

Matter of Perrotta v Syosset Cent. Sch. Dist.

2022 NY Slip Op 06704

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-03083
 (Index No. 338/19)

[*1]In the Matter of Jeanette Perrotta, appellant,
v
Syosset Central School District, respondent.

Arthur P. Scheuermann, Latham, NY (Louis D. Stober, Jr., of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant, in effect, denying the petitioner/plaintiff's application for healthcare benefits in retirement, and action for declaratory relief and to recover damages for breach of contract, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered January 21, 2020. The judgment denied the petition and dismissed the proceeding/action.
ORDERED that judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, the causes of action for declaratory relief and to recover damages for breach of contract are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for severance of those causes of action and further proceedings on those causes of action.
Pursuant to an employment contract between the petitioner/plaintiff, Jeanette Perrotta, and the respondent/defendant, Syosset Central School District (hereinafter the district), which incorporated a collective bargaining agreement between the district and the Syosset Principals' Association (hereinafter the CBA), the district agreed to provide retirement healthcare benefits for Perrotta's life by paying the full cost of any of the options in the New York State Health Insurance Plan (hereinafter NYSHIP), once Perrotta was eligible.
On July 10, 2018, the district issued a resolution whereby it elected to contribute the minimum allowable contribution rate under NYSHIP, namely, 50% of the cost of individual coverage and 35% of the cost of dependent coverage to "constructive retirees," which was less than the 80% contribution rate it contributed for active employees under the CBA. The resolution defined "constructive retirees" as those individuals who were former employees of the district and eligible for NYSHIP coverage during retirement, but had not yet retired under the New York State Teachers' Retirement System, and whose employment with the district had terminated, but who continued to be employed by another participating agency that offered its employees coverage under NYSHIP. On July 12, 2018, after 19 years of working for the district, Perrotta submitted her resignation letter and informed the district of her intention to avail herself of retirement healthcare benefits effective November 26, 2018, the date she would first become eligible. It is undisputed that the district constructively denied her request based upon the July 10, 2018 resolution. Perrotta commenced this [*2]hybrid proceeding/action, inter alia, pursuant to CPLR article 78 to annul the district's determination, in effect, denying her application for retirement healthcare benefits, on the ground that such determination was arbitrary and capricious, irrational, and contrary to law. Specifically, Perrotta contended, among other things, that the district's determination violated Insurance Law § 4235 and chapter 729 of the Laws of 1994 (as amended by L 2009, ch 30 and L 2009, ch 504 § 14), known as the Retiree Health Insurance Moratorium Act (hereinafter the moratorium law). The petition/complaint also asserted causes of action to recover damages for breach of contract and for a judgment declaring that the district's failure to provide retirement healthcare benefits coverage to Perrotta was a violation of Insurance Law § 4235 and a breach of her employment agreement and the CBA.
The Supreme Court determined that the district's failure to provide the full cost of healthcare benefits coverage to Perrotta was not arbitrary and capricious or irrational, did not violate Insurance Law § 4235 or the moratorium law, and did not constitute a breach of Perrotta's employment contract or the CBA. Upon these determinations, the Supreme Court denied the petition, dismissed the proceeding, and summarily dismissed the causes of action for declaratory relief and to recover damages for breach of contract. Perrotta appeals.
The moratorium law sets "'a minimum baseline or "floor" for retiree health benefits'" which is "'measured by the health insurance benefits received by active employees . . . In other words, the moratorium [law] does not permit an employer to whom the statute applies to provide retirees with lesser health insurance benefits than active employees'" (Matter of Altic v Board of Educ., 142 AD3d 1311, 1312, quoting Matter of Anderson v Niagara Falls City Sch. Dist., 125 AD3d 1407, 1408). Thus, a school district may not diminish retirees' health insurance benefits unless it makes "a corresponding diminution in the health insurance benefits or contributions of active employees" (Matter of Baker v Board of Educ., 29 AD3d 574, 575). The purpose of the moratorium law is to protect the rights of retirees who "'are not represented in the collective bargaining process, [and] are powerless to stop unilateral depreciation or even elimination of health insurance benefits once the contract under which they retired has expired'" (Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist., 21 AD3d 1134, 1135, quoting Assembly Mem in Support, 1996 McKinney's Session Laws of NY at 2050; see Matter of Bailenson v Board of Educ. of Chappaqua Cent. Sch. Dist., 194 AD3d 1039, 1041).
Here, since Perrotta submitted evidence establishing that the district diminished the health insurance contribution rate for certain retirees, and the district failed to proffer evidence that it made a corresponding diminution in the health insurance benefits or contributions for active employees, its determination violated the moratorium law. Accordingly, the Supreme Court should have granted the petition and annulled the district's determination, in effect, denying Perrotta's application (see Matter of Baker v Board of Educ., 29 AD3d at 575).
The Supreme Court's summary dismissal of Perrotta's causes of action to recover damages for breach of contract and for declaratory relief was also error. "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 932 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008). "The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 932 [internal quotation marks omitted]; see Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 981). "'Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action'" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933, quoting Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008).
Here, since no party made such a motion, the Supreme Court erred in summarily disposing of the causes of action to recover damages for breach of contract and for declaratory relief. Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings on those causes of action (see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d at 981).
In light of the foregoing, we need not reach Perrotta's remaining contentions.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court