Matter of Kelly v Farmingdale State Coll., State Univ. of N.Y. (2023 NY Slip Op 01895)

Matter of Kelly v Farmingdale State Coll., State Univ. of N.Y.

2023 NY Slip Op 01895

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13508
 (Index No. 1377/18)

[*1]In the Matter of Michael Kelly, appellant,
v
Farmingdale State College, State University of New York, respondent.

Law Offices of David A. Antwork, P.C., Merrick, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Joshua M. Parker of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to annul a determination of the vice president of student affairs of Farmingdale State College, State University of New York, dated August 16, 2018, which affirmed a determination of the judicial hearing board of Farmingdale State College, State University of New York, dated July 27, 2018, made after a hearing, finding that the petitioner/plaintiff violated certain provisions of the student code of conduct and imposing various sanctions against him, and action, inter alia, for declaratory relief and to recover damages for breach of contract, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered May 3, 2019. The judgment denied the petition and, in effect, dismissed the proceeding/action.
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof denying that branch of the petition/complaint which was to annul the portion of the determination of the vice president of student affairs which affirmed the determination of the judicial hearing board that the petitioner/plaintiff violated the provision of the student code of conduct which prohibited violation of the campus housing residence license agreement, and substituting therefor a provision granting that branch of the petition/complaint and annulling that portion of the determination of the vice president of student affairs, and (2) by deleting the provision thereof, in effect, dismissing the petitioner/plaintiff's third through eighth causes of action; as so modified, the judgment is affirmed, without costs or disbursements, the petitioner/plaintiff's third through eighth causes of action are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for severance of those causes of action and further proceedings on those causes of action.
On July 6, 2018, a student at the respondent/defendant, Farmingdale State College, State University of New York (hereinafter Farmingdale), complained to the dean's office that the petitioner/plaintiff, a student ambassador and orientation leader, had engaged in a course of conduct consisting of, inter alia, sending her multiple text messages apparently demanding a romantic relationship and threatening to come to the complainant's dorm room and slap her if she failed to respond. In response to the complaint, on the same day, the dean of students (hereinafter the dean) notified the petitioner/plaintiff that he would be "interim suspended" pending a hearing and directed him to surrender his student identification and keys to the University Police. On July 10, 2018, the dean modified the suspension to permit the petitioner/plaintiff to attend class.
On July 18, 2018, a hearing was held before a judicial hearing board (hereinafter the [*2]board). In correspondence dated July 27, 2018, the dean informed the petitioner/plaintiff that the board had concluded that he had violated the policies of the student code of conduct prohibiting verbal, nonverbal, or electronic threats against others, violation of a college-initiated contract, harassment, and violation of the campus housing agreement, and imposed disciplinary sanctions. On August 16, 2018, Farmingdale's vice president of student affairs rejected the petitioner/ plaintiff's administrative appeal and affirmed the board's findings and disciplinary sanctions.
The petitioner/plaintiff thereafter commenced this hybrid proceeding/action, inter alia, to annul the determination of the vice president of student affairs. The petition/complaint also set forth causes of action for declaratory relief, to recover damages for breach of contract, unjust enrichment, and quantum meruit, and alleging a violation of his due process rights, the New York State Human Rights Law (see Executive Law § 290), and the Freedom of Information Law (see Public Officers Law § 87). In a judgment entered May 3, 2019, the Supreme Court denied the petition and, in effect, dismissed the proceeding/action. The petitioner/plaintiff appeals.
"This Court's review of a determination made after a quasi-judicial administrative hearing is limited to a consideration of whether the determination is supported by substantial evidence upon the whole record" (Matter of Barranco v Annucci, 202 AD3d 667, 668). Substantial evidence imposes a "minimal standard" which is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]). "'Where substantial evidence exists, [a] reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently'" (Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046).
Here, the record presented to the board, including the printout of messages proffered by the petitioner/plaintiff, substantiated the board's finding that the petitioner/plaintiff violated the policies of the student code of conduct prohibiting harassment and the making of electronic threats. There was likewise substantial evidence supporting the board's determination that the petitioner/plaintiff violated the policy prohibiting violation of a college-initiated contract. The petitioner/plaintiff's orientation leader contract required him to "conduct [himself] as a professional at all times," to act as "a Campus role model," and informed him that orientation leaders would be "held to a higher standard of conduct, integrity, and academic performance than others." The substantial evidence of the petitioner/plaintiff's harassing and threatening behavior toward the complainant supported a finding that the petitioner/plaintiff violated those terms of his contract.
Nevertheless, the petitioner/plaintiff is correct that the charge that he violated the campus housing residence license agreement was not supported by substantial evidence. As a consequence of his interim suspension, the petitioner/plaintiff was required to vacate student housing; however, the record demonstrates that the petitioner/plaintiff promptly complied with Farmingdale's requirement that he surrender his keys and identification. Accordingly, the Supreme Court should have granted that branch of the petition/complaint which was to annul the portion of the determination of the vice president of student affairs that affirmed the board's determination that the petitioner/plaintiff violated the provision of the student code of conduct which prohibited violation of the campus housing residence license agreement.
"In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand" (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008; see Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d 986, 989; Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 808). "The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; see Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d at 989; Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d at 808). "Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic [*3]Preserv., 94 AD3d at 1008; see Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d at 989; Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d at 808).
Here, since no party made such a motion, the Supreme Court erred in summarily disposing of the petitioner/plaintiff's third through eighth causes of action. Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings on those causes of action (see Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d at 989; Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d at 808; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008).
The petitioner/plaintiff's remaining contentions are without merit.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court