Chappaqua Congress of Teachers v Board of Educ. of the Chappaqua Cent. Sch. Dist. (2025 NY Slip Op 02907)

Chappaqua Congress of Teachers v Board of Educ. of the Chappaqua Cent. Sch. Dist.

2025 NY Slip Op 02907

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-05014
 (Index No. 58551/22)

[*1]Chappaqua Congress of Teachers, et al., appellants,
v
Board of Education of the Chappaqua Central School District, et al., respondents.

Robert T. Reilly, New York, NY (Oriana Vigliotti, Hannah Weinstein-Ammann, and Matthew E. Bergeron of counsel), for appellants.
Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (David S. Shaw and Mark C. Rushfield of counsel), for respondents.

DECISION & ORDER
In a hybrid action to recover damages for breach of contract and proceeding pursuant to CPLR article 78, the plaintiffs/petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated April 3, 2023. The order and judgment granted the defendants/respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended complaint/petition and dismissed the action/proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting that branch of the defendants/respondents' motion which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted by the plaintiffs/petitioners Chappaqua Congress of Teachers, Michael Debellis, Bonnie Mitchell, Gerard Sulli, Laura Triglia, Felice Gittelman, Patricia Greco, Leslie Feldman, Anita Lorraine Jones, Theresa Zuckerberg, Virginia Munoz, Melanie Weinstein, Patricia Pollock, Sandy Kowalski, Jing Chen, Michael Bierbauer, Maryse Santini, Susan Constantini, Susan Johnson, Mary Coleman, Joelen Donohue, Genevieve Hanlon, Patricia Wolff, Jeffrey Knisely, Barbara Fingeroth, Sharon Boyce, Carol Hughes, Ann Lertora, Janet Fletcher, Katheryn Ward, Anne Bonington, Phyllis Bellofatto, and Martin Hughto, and dismissing that cause of action insofar as asserted by those plaintiffs/petitioners, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the cause of action to recover damages for breach of contract insofar as asserted by those plaintiffs/petitioners is reinstated.
Pursuant to collective bargaining agreements (hereinafter CBA) between the Chappaqua Central School District (hereinafter the District) and the Chappaqua Congress of Teachers (hereinafter the CCT), an association representing District employees, the District agreed to provide healthcare benefits for active and retired employees and their spouses. Retired employees over age 65 were required to enroll in a Medicare Part B program, and, in keeping with the CBAs, the District reimbursed retirees the cost of Medicare Part B coverage. Some retirees, based upon their household income, were subject to a surcharge in addition to the standard Medicare Part B premium, known as the income-related monthly adjustment amount (hereinafter IRMAA). Prior to August 2018, the District reimbursed retirees for IRMAA surcharges in addition to the standard [*2]premium cost.
On August 16, 2018, the District informed retirees that it would no longer reimburse them for IRMAA surcharges. In response, numerous retirees commenced a proceeding pursuant to CPLR article 78 against the Board of Education of the Chappaqua Central School District, the District, and Christine Ackerman, as superintendent of the District, seeking to annul the August 16, 2018 determination on the ground that it violated chapter 729 of the Laws of 1994 (as amended by L 2007, ch 22), known as the Retiree Health Insurance Moratorium Act (hereinafter the moratorium statute), and seeking reinstatement of the reimbursements. The Supreme Court determined that the District's discontinuation of reimbursements violated the moratorium statute, granted the petition, and directed the District to reinstate the reimbursement, including retroactive reimbursements. This Court affirmed the Supreme Court's determination (see Matter of Bailenson v Boad of Educ. of the Chappaqua Cent. Sch. Dist., 194 AD3d 1039, 1040).
During the course of that proceeding, the District and the CCT entered into a memorandum of agreement (hereinafter MOA) on December 14, 2020, wherein they agreed to incorporate the provisions of their 2018-2021 CBA into a one-year successor agreement, effective July 1, 2021, and terminating on June 30, 2022, except as modified, inter alia, by adding the following language to the agreement: "The District's sole obligation to reimburse unit members who retire and their spouses, where applicable, on or after July 1, 2021 shall be for Medicare Part B payments at the standard rate." The District, for the period beginning on July 1, 2021, began reimbursing all of its retired employees and their spouses (with the exception of the Bailenson petitioners) for the standard premium only, but not the IRMAA surcharges.
On March 31, 2022, the CCT and its then president, Miriam Longobardi, commenced this hybrid action to recover damages for breach of contract and proceeding pursuant to CPLR article 78, contending that the District was required under the MOA to reimburse all retirees who retired before July 1, 2021, for the full amount of their Medicare Part B premiums, including the IRMAA surcharge. Thereafter, on November 15, 2022, an amended complaint/petition was filed by the plaintiffs/petitioners (hereinafter the plaintiffs), the CCT, Michael Debellis in place of Longobardi as the president of the CCT, and 32 allegedly retired former employees of the District who retired prior to July 1, 2021 (hereinafter the individual plaintiffs). The defendants/respondents (hereinafter the defendants) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended complaint/petition. The Supreme Court granted the motion and dismissed the action/proceeding. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court correctly determined that the CCT and Debellis lacked standing to maintain the proceeding pursuant to CPLR article 78. "To establish standing, an organizational plaintiff . . . must show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). Here, the CCT represents only current employees, and not retirees, of the District. Current employees represented by the CCT were not affected by the District's determination, since it was adverse only to retirees who retired before July 1, 2021. Since only retirees are affected, the CCT did not show that any of its members would have standing to sue or that its mission makes it an appropriate representative of the plaintiffs' interests, and thus, the CCT cannot maintain associational or organizational standing (cf. Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331). The court also properly granted dismissal of the amended complaint/petition insofar as asserted by Gail Read, since the defendants established, and the plaintiffs did not oppose, that Read was never a District employee.
The Supreme Court properly determined that the CPLR article 78 proceeding insofar as asserted by the individual plaintiffs other than Read was barred by the statute of limitations. A challenge to an administrative determination must be commenced within four months of the time the determination is "final and binding upon the petitioner" (CPLR 217[1]). "A determination becomes final and binding upon the petitioner when the petitioner receives notice that the agency has reached a definitive position on the issue that inflicts actual, concrete injury and . . . the injury [*3]inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]" (Matter of Hepco Plumbing & Heating v New York City Dept. of Bldgs., 227 AD3d 903, 905 [internal quotation marks omitted]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). "The relation back doctrine 'enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired,' and gives courts the 'sound judicial discretion to identify cases that justify relaxation of limitations strictures . . . to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary'" (Catnap, LLC v Cammeby's Mgt. Co., LLC, 170 AD3d 1103, 1106, quoting Buran v Coupal, 87 NY2d 173, 177-178). "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]). The relation back doctrine "applies only in those cases where a valid preexisting action has been filed" (U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 84, 90).
Here, the plaintiffs challenged the District's determination to cease reimbursement of the IRMAA surcharges on or after July 1, 2021, a determination that was not communicated to the individual plaintiffs other than Read until mid-December 2021, when checks from the District reimbursing the individual plaintiffs' standard Medicare Part B payments, but not the IRMAA surcharge, were mailed. The amended complaint/petition, which added the individual plaintiffs as parties, was not filed until November 2022, after the four-month statute of limitations period had expired. Contrary to the plaintiffs' contention, because the CCT and its then president lacked standing to bring the CPLR article 78 claims in the original complaint/petition, there was no "valid preexisting action" upon which the CPLR article 78 claims in the amended complaint/petition could relate back (U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d at 90).
However, the Supreme Court erred in determining that the CCT and Debellis lacked standing to maintain the breach of contract cause of action. Since the CCT was a party to the MOA, the District's alleged refusal to pay retiree benefits under that agreement will injure the CCT by depriving it of the benefit of its bargain, and thus, the CCT has standing to sue for breach of the MOA regardless of whether the benefit accrued to third parties, namely, the retirees (see United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intl. Union, AFL-CIO/CLC v Cookson Am., Inc., 710 F3d 470, 474-475 [2d Cir]; see e.g. Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist., 12 AD3d 395, 395-396).
The Supreme Court additionally erred in dismissing the breach of contract cause of action insofar as asserted by the plaintiffs other than Read for failure to exhaust administrative remedies. Generally, an employee covered by a CBA that provides for a grievance procedure must exhaust administrative remedies prior to seeking judicial remedies (see Murray v Town of N. Castle, N.Y., 203 AD3d 150, 172; Spano v Kings Park Cent. School Dist., 61 AD3d 666, 670-671). Thus, "when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508; see Murray v Town of N. Castle, N.Y., 203 AD3d at 175).
Here, the failure of the plaintiffs other than Read to pursue the grievance procedure as outlined in the CBA did not warrant dismissal of the breach of contract cause of action insofar as asserted by them, since the grievance procedure outlined in the CBA applied only to "teachers," defined as members of the bargaining unit employed during the regular school year. Thus, the individual plaintiffs, who were retirees and not teachers as defined in the CBA, could not have pursued a grievance before commencing this action (see Armstrong v Town of Tonawanda, 214 AD3d 1304, 1305; Meyer v City of Long Beach, 165 AD3d 649, 650).
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court