Matter of Arluck v Board of Educ., Orange-Ulster Bd. of Coop. Educ. Servs. (2025 NY Slip Op 05076)

Matter of Arluck v Board of Educ., Orange-Ulster Bd. of Coop. Educ. Servs.

2025 NY Slip Op 05076

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-11876
 (Index No. 4652/22)

[*1]In the Matter of Teresa Arluck, et al., respondents,
v
Board of Education, Orange-Ulster Board of Cooperative Educational Services, et al., appellants.

Bond, Schoeneck & King, PLLC, Garden City, NY (Alyson Mathews, Craig L. Olivo, and Howard M. Miller of counsel), for appellants.
Robert T. Reilly, New York, NY (Oriana Vigliotti of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent/defendant Orange-Ulster Board of Cooperative Educational Services dated April 21, 2022, reducing reimbursements for certain healthcare contributions in retirement and action for a judgment declaring that respondents/defendants violated chapter 729 of the Laws of 1994, as amended by chapter 22 of the Laws of 2007, the respondents/defendants appeal from a judgment of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated November 2, 2023. The judgment granted the amended petition, annulled the determination, directed the respondents/defendants to reinstate the subject reimbursements, and, in effect, declared that the respondents/defendants violated chapter 729 of the Laws of 1994, as amended by chapter 22 of the Laws of 2007.
ORDERED that the judgment is affirmed, with costs.
The petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment against the respondents/defendants, Board of Education, Orange-Ulster Board of Cooperative Educational Services, Orange-Ulster Board of Cooperative Educational Services (hereinafter BOCES), and Thomas Bongiovi, in his capacity as Interim District Superintendent of BOCES (hereinafter collectively the appellants), to annul BOCES's determination dated April 21, 2022, reducing reimbursements to retirees for certain Medicare Part B charges and eliminating reimbursements for Medicare Part D premiums (hereinafter the determination), to compel the appellants to comply with the mandates of chapter 729 of the Laws of 1994, as amended by chapter 22 of the Laws of 2007, known as the Retiree Health Insurance Moratorium Act (hereinafter the Moratorium Law), to reinstate the unpaid reimbursements, and for related declaratory relief. The appellants opposed. In a judgment dated November 2, 2023, the Supreme Court granted the amended petition, annulled the determination, directed the appellants to reinstate the reimbursements, including retroactive reimbursements, and, in effect, declared that the appellants violated the Moratorium Law. This appeal ensued.
The Moratorium Law sets a minimum baseline or floor for retiree health benefits, which is measured by the health insurance benefits received by active employees (see Kolbe v [*2]Tibbetts, 22 NY3d 344, 358; Matter of Altic v Board of Educ., 142 AD3d 1311, 1312). The Moratorium Law does not permit an employer to whom the statute applies to provide retirees with lesser health insurance benefits than active employees (see Matter of Altic v Board of Educ., 142 AD3d at 1312; Matter of Anderson v Niagara Falls City Sch. Dist., 125 AD3d 1407, 1408). Thus, a school district "may not diminish retirees' health insurance benefits unless it makes 'a corresponding diminution in the health insurance benefits or contributions of active employees'" (Matter of Bailenson v Board of Educ. of the Chappaqua Cent. Sch. Dist., 194 AD3d 1039, 1040, quoting Matter of Baker v Board of Educ., 29 AD3d 574, 575). The purpose of the Moratorium Law is to protect the rights of retirees who are not represented in the collective bargaining process (see id.; Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist., 21 AD3d 1134, 1135).
Here, the Supreme Court correctly determined that BOCES did not make a "corresponding diminution in the health insurance benefits or contributions of active employees" when it reduced the reimbursements to the petitioners/plaintiffs' Medicare Part B charges and eliminated reimbursements for Medicare Part D premiums (Matter of Bailenson v Board of Educ. of the Chappaqua Cent. Sch. Dist., 194 AD3d at 1040 [internal quotation marks omitted]; see Matter of Baker v Board of Educ., 29 AD3d at 575).
Contrary to the appellants' contention, the Supreme Court correctly compared the health insurance coverage offered to certain retirees to the health insurance coverage offered to the active employees (see Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d 986, 989; Matter of Bailenson v Board of Educ. of the Chappaqua Cent. Sch. Dist., 194 AD3d at 1040-1041).
The parties' remaining contentions are without merit.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court